**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny D. Amaro, ) | No. CV 12-00213-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Michael J. Astrue, Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on August 26, 2009. The claims were denied initially and upon reconsideration. Following a hearing on May 17, 2011, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying benefits. The Appeals Council denied plaintiff's request for review on December 5, 2011, rendering the ALJ's decision final. Thereafter, plaintiff filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). We have before us plaintiff's opening brief (doc. 13), defendant's answering brief (doc. 16), plaintiff's reply brief (doc. 17), and the administrative record (doc. 9).

**I**

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as

a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

The ALJ followed the Social Security Act's five-step procedure to determine whether plaintiff is disabled. See 20 C.F.R. § 416.920(a)(4). First, the ALJ determined that plaintiff meets the status requirements of the Social Security Act and has not engaged in substantial gainful activity since the date of alleged onset. Tr. 18. At step two, the ALJ found that plaintiff suffered "severe" impairments including rheumatoid arthritis, bipolar disorder, depressive disorder, and alcohol dependence in partial remission. Id. At step three, the ALJ found plaintiff's impairments do not meet the criteria listed in the regulations. Id. Next, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). Tr. 20. At step four, the ALJ concluded that plaintiff's RFC prevents him from performing his past relevant work. Tr. 24. At step five, however, the ALJ concluded that plaintiff is not disabled because his RFC does not preclude him from performing other work existing in significant numbers in the national economy. Tr. 25-26.

Plaintiff challenges the ALJ's decision arguing that the ALJ erred by rejecting the assessment of his treating physician and by relying instead on opinions of non-examining state agency physicians. Plaintiff also argues that the ALJ erred by rejecting his symptom testimony. Finally, plaintiff argues that the ALJ erred by relying on the assessment of an examining psychologist. Plaintiff urges that we remand for an award of disability benefits.

**II**

Plaintiff argues that the ALJ did not rely upon substantial evidence to meet the "clear and convincing" standard which plaintiff claims should apply to the ALJ's rationale for rejecting the assessment of his treating physician, Dr. Chhaya. We disagree.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citation omitted). Where such an opinion is contradicted, however, the ALJ may reject that opinion

for "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

Here, the ALJ identified numerous examining and non-examining physicians whose opinions contradict Dr. Chhaya's opinion. Dr. Chhaya opined that plaintiff is unable to "stand or sit for extended periods, walk without severe pain and function with normal activities of daily living consistently without assistance." Tr. 23, 380. Unlike Dr. Chhaya, Dr. Young found the claimant was capable of standing and/or sitting for about 6-8 hours in an 8 hour workday, and lifting 20 pounds occasionally and 10 pounds frequently. Tr. 22, 349. The opinions of Drs. Bargan and Estes were both consistent with Dr. Young's diagnoses regarding plaintiff's ability to stand, sit, and lift weight. Tr. 23, 91, 373. Also consistent with Dr. Young's diagnoses was Dr. Fair's finding that plaintiff was only "mildly limited in his activities of daily living." Tr. 23, 364. Given the inconsistencies between Dr. Chhaya's opinion and the other opinion evidence, the appropriate standard of review is whether the ALJ properly rejected the opinion based on specific and legitimate reasons supported by substantial evidence in the record. See Carmickle, 533 F.3d at 1164.

Our review indicates that the ALJ met the necessary burden for rejecting Dr. Chhaya's opinion. The ALJ specifically stated that "Dr. Chhaya's opinion is the only opinion evidence in the record, which offers restrictions beyond [the findings of Dr. Young and the State agency medical consultants]." Tr. 24. Plaintiff incorrectly suggests that reports from Dr. Young and State agency medical consultants do not constitute substantial evidence. Substantial evidence may consist of the independent clinical findings of an examining physician, including diagnoses that differ from those offered by the treating physician. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). Here, Dr. Young independently examined plaintiff and reached a diagnosis which differed from Dr. Chhaya's conclusions. Tr. 346-51. Therefore, Dr. Young's clinical findings constitute substantial evidence. See Orn, 495 F.3d at 632. Similarly, "the reports of consultative physicians called in by the Secretary may

serve as substantial evidence." Magallanes v. Bowen, 881 F.2d 747, 752 -753 (9th Cir. 1989). We therefore conclude that the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, to discount Dr. Chhaya's opinion.

## III

Next, plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting his symptom testimony. Plaintiff's analysis is flawed.

When weighing a plaintiff's credibility, "the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted). In addition, the ALJ may consider the dosage and effectiveness of any treatment or pain medication for relief of pain. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). Finally, although lack of objective medical evidence cannot form the sole basis for discounting symptom testimony, it is a factor that the ALJ can consider in his credibility analysis. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ articulated adequate reasons to support his determination that plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms are not credible. Notably, the ALJ cited the statements plaintiff made in September 2009 to his psychiatrist which indicated that he was "doing well . . . getting 6 hours of sleep a night and feels rested." Tr. 22, 327. Such statements directly contradict plaintiff's hearing testimony that his pain has been progressively increasing and that he sleeps most of the day. Tr. 57. Moreover, in considering plaintiff's reported history of chronic pain, the ALJ noted that plaintiff's medical regimen effectively managed his symptoms and stabilized his rheumatoid arthritis. Tr. 21. In connection with plaintiff's testimony regarding his mental limitations, the ALJ interpreted the infrequency of plaintiff's counseling appointments as evidence that "his symptoms were not so severe as to warrant consistent professional medical

management." Tr. 22. Although the evidence of plaintiff's treatment and medication may also lend itself to an interpretation more favorable to the plaintiff, we must uphold the ALJ's rational interpretation. See Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (affirming ALJ's decision because "it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'") (citation omitted). In addition to citing the aforementioned reasons undermining plaintiff's subjective complaints, the ALJ thoroughly described the objective medical evidence supporting his credibility determination. Tr. 21-22.

The inconsistencies in plaintiff's testimony, the evidence regarding the effectiveness of his treatment and medication, and the lack of objective medical evidence supporting the severity of his symptoms–all of which are well documented in the ALJ's decision–together constitute clear and convincing reasons in support of the ALJ's negative credibility determination.

**IV**

Finally, plaintiff argues that the ALJ erred by misconstruing the assessment of Dr. McDonald Graff because "had the ALJ actually accepted the assessment, a finding of disability would naturally follow" (doc. 13). Dr. Graff's findings, however, could reasonably support a conclusion that plaintiff is not disabled. Indeed, the ALJ noted that Dr. Graff determined that plaintiff "has the ability to remember locations and work-like procedures" and "would be able to carry out very short/simple instructions and make simple work related decisions." Tr. 24. The ALJ gave Dr. Graff's opinion "some weight," which is consistent with his interpretation of the opinion evidence discussed above. Tr. 24. Where, as here, the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's decision. Thomas, 278 F.3d at 954. Therefore, we hold that the ALJ did not err by relying on Dr. Graff's assessment to support his conclusion that plaintiff is not disabled.

**V**

Based on the foregoing, we conclude that the ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence in the record. Therefore, **IT IS ORDERED AFFIRMING** the decision of the Commissioner denying disability benefits. The clerk shall enter final judgment.

DATED this 23rd day of October, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge